# COUNTY OF PENOBSCOT.

## Roby *versus* Skinner.

A bill for the redemption of mortgaged land, may be maintained without a previous payment or tender, if the mortgagee or person claiming under him, shall have neglected on request to render, before the commencement of the suit, a true account of the sum due and secured by the mortgage.

After such request, the mortgagee is to be the moving party, not only in making up the account, but also in rendering it to the mortgager.

For the making up and rendering such an account, a reasonable time is allowed to the mortgagee.

Though the mortgager in demanding the account, may have prescribed a time unreasonably short, in which it should be rendered, that will not excuse the mortgagee for a neglect to do it within a reasonable time.

In adjudging upon the question of cost, the conduct of the parties toward each other, in relation to the whole subject, may be taken into consideration.

BILL IN EQUITY, for the redemption of mortgaged land.

The opinion of the Court, SHEPLEY, C. J., WELLS, HOWARD and RICE, J. J., was drawn up by

SHEPLEY, C. J. — The case is presented for decision upon bill and answer.

The bill has been filed to obtain a decree for the redemption of an estate conveyed by the plaintiff in mortgage to the defendant.

An entry for condition broken appears to have been made on June 3, 1848, when the defendant entered into possession of the premises.

On December 21, 1850, the plaintiff handed to the defendant, in the street, near his house, and during a storm of snow, a written request to render an account before the close of the twenty-third day of the same month. Upon the invitation of the defendant, the plaintiff declined to go into his house, the object not appearing to have been stated.

The defendant made out an account on the day of the demand and kept it ready for delivery to the plaintiff, who does not appear to have been notified of it or to have called for it.

The bill was filed and service thereof made upon the defendant on March 15, 1851, and on the 27th of the same month the defendant caused an account to be left at the house of the plaintiff.

By the provisions of the statute, chap. 125, § 16, a bill may be sustained, " provided the mortgagee, or person claiming under him, shall have refused or neglected on request to render a true account of the sum due, before the commencement of the suit."

No account was rendered until after the suit had been commenced, or until after the expiration of more than eighty days after the demand for it had been made. If the suit can be maintained, it must be upon the ground of the defendant's

neglect to render an account, and not on the ground that the account, when rendered, was not a true one.

A mortgagee or his assignee, when called upon to render an account of the amount due, is entitled to a reasonable time to make up an accurate statement of the rents, profits and expenditures, and of the amount due. He cannot be expected to have it prepared, unless the demand be made at a time very near the expiration of the right to redeem. The mortgager cannot reasonably be expected to continue in attendance upon the mortgagee while the account is being prepared. He would not be informed of the time, when it might be expected to be prepared and presented. The account is to be rendered by the mortgagee. He is, by the statute, after demand made the active party. When the parties, as in the present case, reside in the same town, it is not unreasonable to expect, that he should cause his account when prepared to be presented to the mortgager.

It is objected, if this be required, he may be required to do it, when the residence of the mortgager is at a very great distance from him. The answer is, that the law does not exact the performance by him of any thing oppressive or impracticable. The demand in such case may be accompanied by a notice of a place not far distant, where the amount may be presented, or that it may be forwarded by mail. It would seem to be the duty of the mortgagee after request to render an account, if proper opportunity be afforded, within a reasonable time.

The demand in this case, that an account should be rendered by the close of the second day afterward, may or may not have been reasonable. If it were unreasonable, that would not excuse the defendant for omitting to do it within a reasonable time. Nor would the threats of the plaintiff, at variance with the written request presented by him, have such an effect. His course of proceeding may have placed him in the wrong to such degree as to deprive him of costs.

The statute does not require, that the mortgagee shall in all cases be decreed to pay costs, when he appears to have refused

or neglected to render a true account. It only protects him from the liability to pay costs, when he has not refused or neglected to do so.

The question of costs will not arise in this case, until a final decree is made, when all the conduct of the parties to the close of their relations is presented.

The plaintiff is entitled to redeem and —— —— is appointed master to take an account and to report the amount due and secured by the mortgage; and the case is reserved for further proceedings on the coming in of his report.

*A. Sanborn,* for the plaintiff.

*J. & M. L. Appleton,* for the defendant.